IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DEBRA L. MARCH, | CIVIL NO. 12-00306 DKW-BMK |
| Plaintiff, | |
| vs. | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THE CLAIM OF THIRD-PARTY DEFENDANT STATE OF HAWAII** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; and U.S. BANK, N.A., | |
| Defendants. | |
| ──────────────────────── | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2005-HE8, | |
| Counterclaimant and Third-Party Plaintiff, | |
| vs. | |
| DEBRA L. MARCH; and DOES 1 | |

through 20, inclusive,

          Counterclaim Defendants,

     and

UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE;
STATE OF HAWAII, DEPARTMENT
OF TAXATION; and DOES 1 through
20, inclusive,

          Third-Party Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THE CLAIM OF THIRD-PARTY DEFENDANT STATE OF HAWAI'I**

Debra L. March initiated this action, seeking a declaration that the Note and Mortgage on her property in Hanalei, Hawai'i are unenforceable. Defendant U.S. Bank asserted a counterclaim for foreclosure and, in conjunction with the foreclosure claim, filed a third-party complaint, making the United States Internal Revenue Service and the State of Hawai'i Department of Taxation parties to the action as holders of recorded tax liens on the property. In its answer to the third-party complaint, the State made a statement of claim on the property, which March now seeks to dismiss. Because the State's claim is necessarily related to U.S. Bank's foreclosure counterclaim, the Court has supplemental jurisdiction over the State's claim, and March's motion to dismiss is denied.

2

## BACKGROUND

Plaintiff seeks declaratory relief that a $463,000 note, the mortgage executed as security in conjunction with that note, as well as subsequent assignments of the same, all relating to her property in Hanaleʻi, Hawaiʻi (the "property"), are void and invalid. *See* First Amended Complaint ("FAC") ¶¶ 11, 15–16. Plaintiff specifically seeks a declaration that she owes nothing on the note or mortgage. FAC ¶ 20. The FAC asserts that this Court has diversity jurisdiction over her claim. FAC ¶ 1.

On November 5, 2013, the magistrate judge granted U.S. Bank's motion to file a counterclaim and third-party complaint. Dkt. no. 59. In its counterclaim, U.S. Bank asserts that it is the current holder of the note and mortgage. As a result of Plaintiff's default on the note, U.S. Bank seeks to foreclose on the property. Counterclaim ¶¶ 15–18. Because of tax liens recorded against the property at the Hawaiʻi Bureau of Conveyances, U.S. Bank also named the United States Internal Revenue Service (the "IRS") and the State of Hawaiʻi Department of Taxation (the "State") as third-party defendants to the foreclosure action. Counterclaim ¶¶ 20–21.

In response to the third-party complaint, the IRS disclaimed all right, title, and interest arising from the lien alleged in the third-party complaint, and gave notice that it would not appear in any further proceedings in this action. Dkt.

3

no. 65.  The State, however, answered by making an affirmative statement of claim

"that all State of Hawaii taxes, penalties and interest which may be due or become

due are valid, subsisting and paramount liens upon the property which is the

subject matter of this action and that all the rights, interest, liens, and claims of the

Third-Party Plaintiff and all other parties are subject and subordinate thereto,

except as otherwise provided by law."  Dkt. no. 66 (State's Answer) at 4.  Plaintiff

then filed the instant motion, seeking to dismiss the State's affirmative statement of

claim.

## STANDARD OF REVIEW

Although Plaintiff does not specify the rule under which she moves

for dismissal, she seeks dismissal for lack of subject matter jurisdiction and lack of

supplemental jurisdiction over the State's claim.  Rule 12(b)(1) is the vehicle

through which a party may move to dismiss for lack of subject matter jurisdiction.

Supplemental jurisdiction exists (with some exceptions) where state law claims are

so related to claims over which the court has original jurisdiction that they form

part of the same case or controversy.  28 U.S.C. § 1367(a).

## DISCUSSION

As an initial matter, the Court notes that Plaintiff's motion is limited

to the Court's jurisdiction over the State's claim that it asserts in its answer.  This

motion does not encompass whether the IRS or the State could be brought in by

4

U.S. Bank as third-party defendants.  Plaintiff argued before the magistrate judge that there were jurisdictional issues with the third-party complaint, specifically, in naming the IRS and the State as third-party defendants.  Those arguments, however, were rejected by the magistrate judge in allowing the counterclaim and third-party complaint and will not be revisited by the Court here in handling the present motion.  Presently, the sole issue is whether the Court has supplemental jurisdiction over the affirmative statement of claim made in the State's answer.

The parties agree that supplemental jurisdiction under 28 U.S.C. § 1367 is the governing jurisdictional statute with regard to the State's claim.  That provision provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be

inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.

Plaintiff argues that under subsection (a), the statement of claim made by the State does not form a part of the same case or controversy as her claim that the note and mortgage are void. This argument is without merit. The FAC seeks to challenge the enforceability of the note and mortgage. In its counterclaim, U.S. Bank is effectively asserting the mirror image of the FAC—that is, that the note and mortgage *are* enforceable by U.S. Bank, and as a result, U.S. Bank is entitled to foreclose on the mortgage as a result of Plaintiff's default. Thus, Plaintiff's claim and U.S. Bank's counterclaim are the flip sides of the same coin. *See, e.g.*, *Molina v. OneWest Bank, FSH*, 903 F. Supp. 2d 1008, 1016 (D. Haw. 2012) (denying Plaintiff's motion to dismiss the lender's counterclaim to foreclose and concluding that supplemental jurisdiction existed where "the Complaint seeks to enjoin [the lender] from foreclosing and conducting a foreclosure auction sale of

the Property.  The Counterclaim Complaint involves the same parties, the same

Property, and the overlapping question as to [the lender's] right to foreclose on the

Property.").  Hence, U.S. Bank was correctly given leave by the magistrate judge

to file the counterclaim and third-party complaint.

The State's claim is consequently a necessary part of U.S. Bank's

foreclosure counterclaim.  In bringing the foreclosure counterclaim, Hawai'i's

foreclosure statutes, which govern U.S. Bank's foreclosure action here, mandated

that U.S. Bank make the IRS and the State parties to this action:

> All prior and subsequent mortgage creditors, whose names are
> or can be discovered by the party foreclosing a mortgage, shall
> be made parties to the action.

HRS § 667-2.  U.S. Bank discovered the tax liens of the IRS and the State in doing

its due diligence to determine the possible interests in the property prior to

initiating a foreclosure action.  *See* Counterclaim ¶ 6 ("U.S. Bank has obtained a

title report on the property from a reputable title company doing business in the

State of Hawai'i which shows only March and the third party defendants identified

herein as having an interest in the Property.").  Specifically as to the State, U.S.

Bank stated that "[t]he SOH [(State of Hawai'i)] may have or may claim an

interest in and to the Property, including without limitation, by virtue of the tax

lien recorded at the BOC as Document[] No[]. 2007-205114 on November 26,

2007, which claim or interest, if any, is junior and subordinate to U.S. Bank's

7

Mortgage lien." Counterclaim ¶ 21. Once U.S. Bank discovered the State's recorded tax lien, HRS § 667-2 required U.S. Bank to make the State a party to the foreclosure action on Plaintiff's property.

The purpose of requiring known creditors to be added as parties to a foreclosure action under HRS § 667-2 is to provide those creditors (in this case, tax lienholders) with an opportunity to claim or disclaim an interest in the property in conjunction with the foreclosure. Thus, just as the foreclosure counterclaim itself is a corollary to Plaintiff's claim that the note and mortgage are void, the affirmative statement of claim made by the State (and the disclaimer made by the IRS) are statutorily tied to the foreclosure action. As such, the Court sees no way that the State's claim is not part of the same case and controversy as Plaintiff's original claim and the corollary foreclosure counterclaim. The State's claim is only a statement of claim to an interest on the property *if* U.S. Bank is able to foreclose. In other words, the State is asserting a right to the property as a lienholder that is necessarily related to U.S. Bank's right to foreclose and to the right that any other creditor might have as a result of foreclosure. Therefore, in applying 28 U.S.C. § 1367(a), the Court concludes that the State's claim is related to Plaintiff's claim as well as to U.S. Bank's counterclaim, and that they all form part of the same case or controversy. Exercising supplemental jurisdiction over the State's claim is proper.

Finally, although the parties do not make arguments that address either subsections (b) or (c) of section 1367, the Court determines that neither of these subsections applies to limit the exercise of supplemental jurisdiction over the State's claim.

Subsection (b) applies to limit supplemental claims made by the original plaintiff in diversity cases. Although the Court's original jurisdiction in this action is based solely on diversity of citizenship, the State's claim is not a claim made by March, the original plaintiff. Nor does subsection (b) apply to limit supplemental jurisdiction over the claims of a third-party defendant, like the State here. Wright and Miller, *Federal Practice and Procedure*, § 3567.2 ("[Subsection (b)] does not apply to claims asserted by any party other than the plaintiff. So § 1367(b) plays no role in claims, such as counterclaims and crossclaims, asserted by defendants or third-party defendants."). Accordingly, subsection (b) does not apply to the State's claim and does not preclude this Court's exercise of supplemental jurisdiction over that claim.

Finally, paragraph (c) addresses reasons that the Court could decline supplemental jurisdiction, none of which are applicable here.

## CONCLUSION

Plaintiff's motion to dismiss the claim of third-party defendant State of Hawai'i Department of Taxation is hereby DENIED.

IT IS SO ORDERED.

DATED:  HONOLULU, HAWAI'I, March 27, 2014.

_____
Derrick K. Watson
United States District Judge


_____
March v. Mortgage Electronic Registration Systems, Inc., et al.; CV 12-00306
DKW/BMK; ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THE
CLAIM OF THIRD-PARTY DEFENDANT STATE OF HAWAI'I