IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DEBRA L. MARCH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; and U.S. BANK, N.A.,<br><br>　　　　Defendants.<br>_____<br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2005-HE8,<br><br>　　　　Counterclaimant and<br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>DEBRA L. MARCH; and DOES 1 | CIVIL NO. 12-00306 DKW-BMK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

through 20, inclusive,

        Counterclaim Defendants,

and

UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE; STATE OF HAWAII, DEPARTMENT OF TAXATION; and DOES 1 through 20, inclusive,

        Third-Party Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Debra L. March seeks summary judgment on her claims that the note and mortgage on her property in Hanalei, Hawai'i are unenforceable. She also seeks summary judgment on Defendant U.S. Bank's counterclaim for foreclosure on the property. Because March has no right to challenge the assignment of her mortgage and because U.S. Bank holds the note and mortgage and has standing to foreclose, March's motion for summary judgment is DENIED.

## BACKGROUND

March seeks declaratory relief that a $463,000 note, the mortgage executed as security in conjunction with that note, as well as subsequent assignments of the same, all relating to her property in Hanalei, Hawai'i (the "property"), are void and

2

invalid. *See* First Amended Complaint ("FAC") ¶¶ 11, 15–16. March executed the note in 2005 in favor of Resmae Mortgage Corporation ("Resmae"). Decl. of Tina L. Colman ("Colman Decl."), Ex. A (Note).

Concurrent with the note, March also executed a mortgage on the property as a security for the loan. Colman Decl., Ex. B (Mortgage). The mortgage identified Resmae as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee "acting solely as a nominee for Lender and Lender's successors and assigns." *Id.* at 2.

In December 2008, MERS, as nominee for Resmae, assigned the note and mortgage to Lasalle Bank National Association, as trustee for Certificateholders of Bear Stearns Asset Backed Securities. Colman Decl., Ex. C (Assignment from MERS to Lasalle). In December 2012, as a result of a merger, Bank of America became the successor to Lasalle Bank National Association. Colman Decl., Ex. D (Recorded Order Noting Bank of America as Successor by Merger to Lasalle). Finally, in May 2013, U.S. Bank became the successor to Bank of America. Colman Decl., Ex. F (Corporate Assignment of Mortgage from Bank of America to U.S. Bank). As a result, U.S. Bank is the owner of the note and mortgage, and JPMorgan Chase is the current mortgage servicer. Colman Decl., Exs. K (Chase's Declaration of Amounts Due and Owing), L (Decl. of Amber Alegria for Chase).

On October 1, 2008, March stopped making payments on the loan and has not made any payments for six years. As of May 14, 2014, March owes $447,254.51 of the original $463,000 principal amount, plus an additional $216,312.70 in interest, escrow, and other fees. Colman Decl., Ex. K (Chase's Declaration of Amounts Due and Owing) ¶¶ 6–7.

March initiated this action on May 29, 2012. On November 5, 2013, U.S. Bank filed a counterclaim, seeking to foreclose on the property. Counterclaim ¶¶ 15–18. Because of tax liens recorded against the property at the Hawai'i Bureau of Conveyances, U.S. Bank also named the United States Internal Revenue Service (the "IRS") and the State of Hawai'i Department of Taxation (the "State") as third-party defendants to the foreclosure action. Counterclaim ¶¶ 20–21. The IRS disclaimed all right, title, and interest arising from the lien alleged in the third-party complaint but the State made an affirmative statement of claim that its tax liens have priority over the rights of U.S. Bank. Dkt. no. 66 (State's Answer) at 4.

March moves for summary judgment on her first amended complaint and U.S. Bank's counterclaim.[1]

---

[1] Concurrently, Defendants also move for summary judgment on the first amended complaint and counterclaim. Third-party defendant State of Hawai'i Department of Taxation also moves for summary judgment. This order disposes only of March's motion for summary judgment (Dkt. No. 89). The Court will adjudicate Defendants' motion for summary judgment and the State's motion for summary judgment in a separate order. However, because Defendants incorporated their arguments and evidence in favor of their own motion for summary judgment into their opposition to March's motion for summary judgment, the Court will consider those arguments and exhibits as part of Defendants' opposition.

## **STANDARD OF REVIEW**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited

5

do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

The Court denies March's motion for summary judgment on both the first amended complaint and on U.S. Bank's counterclaim.

### I. March's First Amended Complaint

March makes two general contentions in support of her motion for summary judgment on her first amended complaint. First, March contends that the mortgage was void because Resmae was not licensed in Hawai'i as a mortgage broker or lender at the time of the loan. Second, March challenges the assignment of the note and mortgage by MERS as invalid. The Court concludes that, as a matter of law, neither of these arguments can be sustained. Each is discussed in turn below.

#### A. The Mortgage Is Not Void Under HRS § 454-8

There is no dispute that Resmae was not a Hawai'i licensed mortgage broker when the note and mortgage were executed in 2005. Under HRS § 454-8, which was repealed in 2011 but in effect at the time of the mortgage transaction in 2005, "[a]ny contract entered into by any person with any unlicensed mortgage broker or solicitor shall be void and unenforceable." HRS § 454-8 (repealed 2011). However, Resmae was exempt from the licensing requirements of § 454-8 because

6

it was a foreign lender. This Court has previously addressed this same question on several occasions. *See, e.g.*, *Au v. Republic State Mortgage Co.*, 2013 WL 1339738, at *9–10 (D. Haw. March 29, 2013); *Skaggs v. HSBC Bank USA, N.A.*, 2011 WL 3861373, at *7 (D. Haw. Aug. 31, 2011). The Court has explained that § 454-8 does not void a mortgage with a foreign lender:

> [u]nder HRS § 454–1 . . . a mortgage broker "means a person *not exempt under section 454-2* who for compensation or gain . . . makes, negotiates, acquires, or offers to make, negotiate, or acquire a mortgage loan on behalf of a borrower seeking a mortgage loan."
> . . . . In turn, § 454-2(6) provided that chapter 454 "does not apply to [a] . . . [f]oreign lender as defined in section 207–11." And HRS § 207–11(C) defines a "foreign lender" as, among other things, "a lender approved by the Secretary of the United States Department of Housing and Urban Development for participation in any mortgage insurance program under the National Housing Act."

*Au*, 2013 WL 1339738, at *9 (quoting *Skaggs*, 2011 WL 3861373, at *7)).[2]

As in both *Au* and *Skaggs*, Defendants here have provided undisputed evidence that Resmae was a lender approved by the U.S. Department of Housing and Urban Development ("HUD") in 2005. Specifically, a letter from HUD "confirms [that] Resmae Mortgage Corporation was a Federal Housing Administration-approved lender in 2005." Colman Decl., Ex. J (April 7, 2014

---

[2] March, like the plaintiff in *Au*, relies on *Beneficial Hawaii, Inc. v. Kida*, 96 Hawai'i 289 (2001) for her argument that the mortgage is void under HRS § 454-8. In *Kida*, the Hawai'i Supreme Court held that "HRS § 454–8 must be interpreted to invalidate . . . those contracts into which unlicensed mortgage brokers enter in their capacity as mortgage brokers within the meaning of HRS § 454–1." *Id.* at 309. This Court's holding today, identical to the holding in *Au*, is that Resmae is not an unlicensed mortgage broker within the meaning of HRS § 454-1, and therefore, HRS § 454-8 does not apply. *Au*, 2013 WL 1339738, at *9; *see* HRS § 454-2(6) (repealed 2011) ("This chapter does not apply to . . . [a] [f]oreign lender as defined in section 207-11.").

HUD letter). Consequently, because Resmae was a foreign lender as defined by HRS § 207-11, and was therefore exempt from Chapter 454, March is not entitled to summary judgment on her claim that her mortgage was void under HRS § 454-8.

**B.** **March May Not Challenge the Assignment of the Mortgage**

March also argues that she is entitled to summary judgment because MERS did not have the authority to assign the note and mortgage, and therefore, Lasalle Bank (and consequently Bank of America and U.S. Bank) never acquired any actual interest in the mortgage. The Court concludes that March has no standing to challenge the assignment and, even if she did, MERS had the requisite authority to assign the note and mortgage, contrary to March's assertions.

The recorded assignment states that MERS, as nominee for Resmae, transferred all of its right, title and interest in the note and mortgage to Lasalle Bank on December 22, 2008. Colman Decl., Ex. C (Assignment from MERS to Lasalle). In light of the express disclosures in the Mortgage giving MERS the authority to act on behalf of Resmae and the transfer of the note and mortgage to Lasalle Bank, March has no basis to challenge that Assignment, or the later transfers to Bank of America and U.S. Bank.

Indeed, in numerous instances, courts within this district have rejected similar claims by borrowers challenging MERS's authority to assign a mortgage on

8

behalf of a lender. *See, e.g., Dias v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 6894453, at *4 (D. Haw. December 31, 2013); *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4 & *5 n. 5 (D. Haw. Feb. 23, 2012) (explaining that a borrower cannot challenge an assignment to which he was not a party, and that plaintiff may not assert claims based on the argument that MERS lacked authority to assign its right to foreclose); *Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *3 n. 6 (D. Haw. Feb. 14, 2012) ("'[A]ny argument that MERS lacked the authority to assign its right to foreclose and sell the property based on its status as 'nominee' cannot stand in light of [*Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011).]'" (quoting *Velasco v. Sec. Nat'l Mortg. Co.*, 2011 WL 4899935, at *11 (D. Haw. Oct. 14, 2011))); *Abubo v. Bank of New York Mellon*, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011) (holding that "the involvement of MERS in the assignment cannot be a basis for voiding the assignment").

Accordingly, March is not entitled to summary judgment on her claim that the assignment from MERS to Lasalle Bank (as well as the transfers to Bank of America and U.S. Bank) was invalid. MERS had the authority to transfer the mortgage, and March may not challenge an assignment to which she was not a party.

## II. U.S. Bank's Counterclaim

In light of the Court's determination above that the assignment and transfers of the note and mortgage are valid, U.S. Bank is presently the owner of the note and mortgage, and JPMorgan Chase is the servicer. March contends, however, that U.S. Bank does not have standing to assert its counterclaim to foreclose on the property. The Court disagrees.

Under Hawai'i law, a party who shows "a direct chain of paper title that he is the owner of the land demonstrates prima facie evidence of their contents and that title is vested in that [party]." *Deutsche Bank Trust Co. v. Beesley*, 2012 WL 5383555, at *3 (D. Haw. Oct. 30 2012). Here, U.S. Bank has submitted recorded documents indicating: that the note and mortgage were executed by March in favor of Resmae, with MERS acting as Resmae's nominee; that MERS assigned the note and mortgage to Lasalle Bank; that Bank of America became the successor by merger of Lasalle Bank; and finally, that U.S. Bank has succeeded to the interests of Bank of America. Under these circumstances, U.S. Bank has established its standing to assert its rights under the note and mortgage. *See, e.g.*, *id.*; *Krakauer v. Indmac Mortg. Servs.*, 2013 WL 704861, at *3 (D Haw. Feb. 26, 2013). March is not entitled to summary judgment on U.S. Bank's counterclaim.

## CONCLUSION

March's motion for summary judgment (Dkt. No. 89) is hereby DENIED.

IT IS SO ORDERED.

DATED: September 26, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

March v. Mortgage Electronic Registration Systems, Inc., et al.; CV 12-00306 DKW/BMK; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT