IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DEBRA L. MARCH,<br><br>    Plaintiff,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; and U.S. BANK, N.A.,<br><br>    Defendants.<br>_____<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATE-HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2005-HE8,<br><br>    Counterclaimant and<br>    Third-Party Plaintiff,<br><br>vs.<br><br>DEBRA L. MARCH; and DOES 1 through 20, inclusive, | CIVIL NO. 12-00306 DKW-BMK<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S MARCH 31, 2015 FINDINGS OF FACT AND RECOMMENDATION THAT DEFENDANT U.S. BANK'S MOTION FOR CONFIRMATION OF SALE, FOR APPROVAL OF COMMISSIONER'S REPORT, AND FOR WRIT OF POSSESSION BE GRANTED** |

|                                           |
| ----------------------------------------- |
| Counterclaim Defendants,                  |
| and                                       |
| UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE; STATE OF HAWAII, DEPARTMENT OF TAXATION; and DOES 1 through 20, inclusive, |
| Third-Party Defendants.                   |

**ORDER ADOPTING MAGISTRATE JUDGE'S MARCH 31, 2015 FINDINGS OF FACT AND RECOMMENDATION THAT DEFENDANT U.S. BANK'S MOTION FOR CONFIRMATION OF SALE, FOR APPROVAL OF COMMISSIONER'S REPORT, AND FOR WRIT OF POSSESSION BE GRANTED**

Plaintiff Debra L. March ("March") objects to a March 31, 2015 Findings of Fact and Recommendation ("F & R") of United States Magistrate Judge Barry Kurren. The F & R addressed Defendant U.S. Bank National Association's ("U.S. Bank") Motion for Confirmation of Sale, for Approval of Commissioner's Report, and for Writ of Possession ("Motion"), made factual findings, and recommended that the Motion be granted. Dkt. No. 142. Because the Magistrate Judge properly found in favor of U.S. Bank, the Court ADOPTS the F & R and overrules March's objections. The Motion is GRANTED according to the terms set forth in the F & R.

2

**BACKGROUND**

In her First Amended Complaint filed on December 19, 2012, March sought declaratory relief that a $463,000 note, the mortgage executed as security in conjunction with that note, as well as subsequent assignments of the same, all relating to her property in Hanalei, Hawai'i (the "Property"), were void and invalid. Dkt. No. 28 (First Amended Complaint ("FAC") ¶¶ 8, 11, 15–16); Dkt. No. 88-2 (Exh. A).

On October 15, 2014, this Court entered its Findings of Fact, Conclusions of Law, and Order Granting Defendants' Motion for Summary Judgment on All Claims Contained in Plaintiff's First Amended Complaint, filed on December 19, 2012 and Defendant U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE8's Counterclaim and Third-Party Complaint for Foreclosure Against Plaintiff Debra L. March; and Granting Third Party Defendant Department of Taxation, State of Hawaii's Motion for Summary Judgment Against Plaintiff Debra L. March ("Foreclosure Decree") (Dkt. No. 115) foreclosing the subject mortgage ("Mortgage").

The Foreclosure Decree duly appointed Frank D. Rothschild, as Commissioner ("Commissioner"), to sell the Property. Dkt. No. 115 at 12-13. The Foreclosure Decree authorized and directed the Commissioner to, among other things:

> [S]ell the Property on foreclosure sale to the highest bidder at public Commissioner's sale by auction, without an upset price, after notice of such sale first being given by said Commissioner by publication in the classified section of a daily newspaper of general circulation printed and published in the county in which the Property lies. The notice shall be published once in each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication. The notice shall give the date, time and place of sale and an intelligible description of the Property, and shall disclose all of the terms of sale herein mentioned.

Dkt. No. 115 at 13.

The Foreclosure Decree permitted any person, including the parties, to purchase the Property at the foreclosure sale. Dkt. No. 115 at 15. Thereafter, the Commissioner reported in his Commissioner's Report (Dkt. No. 132) that he --

> published in the classified section of the Garden Island, a newspaper having general circulation in the State of Hawaii on November 12 and November 19, 2009[1] and November 26, 2014, an advertisement titled Notice of Foreclosure Sale setting forth a summary description of the property; the date and time of Open Houses which were held on November 29 and December 6, 2014; the date, time and place for the public auction, and other pertinent information.

Dkt. No. 132 at 3.

---

[1] The year "2009" appears to be a typographical error and instead should read "2014."

4

The Commissioner further reported that U.S. Bank submitted an opening bid of $345,072.20, that U.S. Bank's bid was the highest bid, and that he declared the Property sold to U.S. Bank. Dkt. No. 132 at 3-4. The Commissioner believed that the bid price of $345,072.20 is "a fair and reasonable one" and recommended that the Court confirm the sale of the Property to U.S. Bank. Dkt. No. 132 at 4.

On January 23, 2015, U.S. Bank filed the instant Motion for Confirmation of Sale, for Approval of Commissioner's Report, and for Writ of Possession. Dkt. No. 133. The matter was referred to Magistrate Judge Kurren. On March 9, 2015, Magistrate Judge Kurren held an oral hearing on the matter. Dkt. No. 140. March did not appear at the hearing, nor did she make arrangements with the Court to appear at the hearing by phone. Dkt. No. 140. Magistrate Judge Kurren recommended that the Motion be granted. Dkt. No. 140.

On March 31, 2015, Magistrate Judge Kurren entered his written F & R that, among other things, found the Commissioner complied with the foreclosure requirements set forth in the Foreclosure Decree and Notices of the Foreclosure Sale and deemed U.S. Bank's bid to be a "fair and reasonable one[.]" Dkt. No. 142 at 5. Relevant to the matter before this Court, Magistrate Judge Kurren recommended (1) approval of the Commissioner's Report; (2) confirmation of the sale of the Property to U.S. Bank at the price of $345,072.20; and (3) judgment for

5

possession and a writ of possession in favor of U.S. Bank (or its nominee). Dkt. No. 142 at 7-8.

On April 13, 2015, March filed her Objection to Magistrate Judge Kurren's F & R. Dkt. No. 143. On April 27, 2015, U.S. Bank filed a Response to the Objection. Dkt. No. 144. The matter is suitable under Local Rule 7.2(d) for decision without a hearing.

## **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F .3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F .2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its

own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## DISCUSSION

March makes two primary arguments in her Objection to the F & R: (1) the publication of the foreclosure sale was insufficient, resulting in an unreasonable credit bid by U.S. Bank; and (2) there is no authority for a writ of possession under these circumstances. As set forth below, March's arguments lack merit.

### I. Credit Bid and Publication

March contends that U.S. Bank's credit bid of $345,072.20 should be rejected because it is less than 50% of the tax valuation price, and thus, is "unreasonable on its face." Dkt. No. 143 at 3. March further contends that the credit bid should be rejected because there was insufficient publication of the foreclosure sale. The Court disagrees and overrules March's objections. The foreclosure proceedings complied with statutory requirements and the Foreclosure Decree.

As a threshold matter, March cites no authority for the proposition that a bid of less than 50% of the tax valuation price is *per se* unreasonable. In lieu of support, March merely criticizes the presence of only one bidder at the auction, U.S. Bank, and faults the Commissioner for inadequate publication. Dkt. No. 143

7

at 4. Specifically, March argues that the publication of the auction in only *The Garden Island* newspaper failed to comply with the Foreclosure Decree's requirement of publishing information about the auction in a paper of "general circulation." Dkt. No. 143 at 4.

Hawaii Revised Statutes (Haw. Rev. Stat.) § 667-20, relating to publication of notice of public sale in a foreclosure action, recognizes two means of publication, one of which provides:

> The foreclosing mortgagee or association in a foreclosure by action shall have the public notice of the public sale:
>
> (1) Printed in not less than seven-point font and published in the classified section of *a newspaper that is published at least weekly and having a general circulation in the county in which the mortgaged property or unit is located.* The public notice shall be published once each week for three consecutive weeks, constituting three publications. The public sale shall take place no sooner than fourteen days after the date of the publication of the third public notice advertisement[.]

Haw. Rev. Stat. § 667-20(1) (emphasis added).

The plain language of the statute is clear that publication is required in a newspaper "having a general circulation *in the county in which the mortgaged property or unit is located.*" *Id.* (emphasis added). In other words, the statute does not impose a state-wide general circulation requirement. The Foreclosure Decree generally tracked this statutory language in requiring "publication in the classified

8

section of a daily newspaper of general circulation printed and published in the county in which the Property lies." Dkt. No. 115 at 13.

In the instant case, the Property is located in Kauaʻi County. The Commissioner published the public notice in *The Garden Island* newspaper, which according to its website, is the only daily newspaper on Kauaʻi, published six days a week, and is read by 87% of all Kauaʻi adults. Dkt. No. 144-2 (Exh.1). Based on this information, the Commissioner complied with the statutory requirements of HRS § 667-20 and the Foreclosure Decree. March's objection that the notice was insufficient is overruled.

## II. <u>Writ of Possession</u>

March objects to the writ of possession because of the lack of authority cited by Magistrate Judge Kurren in his F & R. March claims that "[s]ince no authority apparently exists for it, the writ of possession request should be denied." Dkt. No. 143 at 4. March's argument, once again, lacks merit.

U.S. Bank correctly states that as the successful bidder at the foreclosure sale, it is entitled to a writ of possession. Contrary to March's position, courts have issued writs of possession in instances similar to the present matter. *See e.g. McCarty v. GCP Management, LLC*, Civil No. 10-00133 JMS/KSC, 2011 WL 2020708, at *4 (D. Haw. May 23, 2011) (adopting magistrate judge's findings and recommendation that defendant's motion for confirmation of sale, for deficiency

9

judgment, and for writ of possession be granted).  The Court overrules March's objection on this ground.

## **CONCLUSION**

For the foregoing reasons, the Court OVERRULES March's objections, and ADOPTS the March 31, 2015 Findings of Fact and Recommendation that U.S. Bank's Motion for Confirmation of Sale, for Approval of Commissioner's Report, and for Writ of Possession be granted, as the opinion and order of this Court.  The Motion for Confirmation of Sale, for Approval of Commissioner's Report, and for Writ of Possession (Dkt. No. 133) is GRANTED as stated in the March 31, 2015 Findings of Fact and Recommendation.

IT IS SO ORDERED.

DATED:  May 6, 2015 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

March v. Mortgage Electronic Registration Systems, Inc. et al.; CV 12-00306 DKW-BMK; ORDER ADOPTING MAGISTRATE JUDGE'S MARCH 31, 2015 FINDINGS OF FACT AND RECOMMENDATION THAT DEFENDANT U.S. BANK'S MOTION FOR CONFIRMATION OF SALE, FOR APPROVAL OF COMMISSIONER'S REPORT, AND FOR WRIT OF POSSESSION BE GRANTED